WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Johnnie Little,

Plaintiff,

vs.

Michael Meehan, Kinerk Schmidt & Sethi, P.L.L.C., James H. Dyer; Ted A. Schmidt,

Defendants.

CV-12-287-TUC-JGZ

**ORDER**

This is a legal malpractice action brought by Plaintiff Johnnie Little against her former attorneys, Michael Meehan ("Meehan") and James H. Dyer and Ted A. Schmidt and their law firm, Kinerk, Schmidt & Sethi, P.L.L.C. (collectively "the Kinerk Defendants"). Plaintiff claims that the lawyers failed timely to file a notice of claim, which resulted in the dismissal of her lawsuit against the State of Arizona. That lawsuit alleged medical malpractice against the State of Arizona in the medical care provided to Plaintiff's daughter, Shawntinice Polk, a member of the University of Arizona's women's basketball team. Meehan has filed a Motion to Dismiss this case, asserting that Plaintiff's claims against him lack legal causation.[1] (Doc. 12.) The Kinerk Defendants have filed a Motion for Summary Judgment, asserting that Plaintiff's claims are time-barred. (Doc. 22.) For the reasons stated herein, the Court will grant Defendant Meehan's Motion to Dismiss, and deny the Kinerk Defendants' Motion for Summary Judgment.

---

[1]Meehan has withdrawn his additional argument that Plaintiff's claim was time-barred by the two-year statute of limitations set forth in A.R.S. § 12-542. (Doc. 16.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 25, 2005, Shawntinice Polk died from a pulmonary thromboembolism. (Doc. 1, Complaint ¶ 2.) For over a year prior to her death, Polk received primary medical care from Dr. Porter, a doctor who worked at Campus Health Services ("CHS") at the University of Arizona. (Doc. 19-2, Ct. App. ¶ 2.)[2]

Shortly after Polk's death, Plaintiff was approached by Len Johnson, a Tucson television reporter. (Complaint ¶ 10; Doc. 19-2, Ct. App. ¶ 3.) Johnson was interested in doing a news story on Polk's death. (Complaint, ¶ 10.) Plaintiff authorized Johnson to obtain Polk's medical records and investigate the circumstances surrounding her daughter's death. (Complaint, ¶ 10; Doc. 19-2, Ct. App. ¶ 3.) Johnson, on behalf of Plaintiff, retained Meehan to help him obtain the "appropriate medical records." (Complaint ¶ 11.) By letter to Plaintiff dated December 16, 2005, Meehan documented the scope of his representation.[3] The letter states that Meehan was retained to "look into possible medical malpractice of the University Medical Center with respect to Polk." (PSOF ¶ 8; DSOF ¶ 8; Doc. 12-4, p. 9.)[4]

---

[2] Doc. 19-2 is a copy of the Arizona Court of Appeals decision affirming the state trial court's dismissal of Plaintiff's medical malpractice suit. The opinion is reported at *Little v. State of Arizona*, 225 Ariz. 466, 240 P.3d 861 (Ariz. App. 2010). Under Fed. R. Evid. 201, the Court may take judicial notice of a public record without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Defendant has requested that the Court take judicial notice of the Arizona Court of Appeals' decision. (Doc. 12, p. 2.) Plaintiff refers extensively to the Court of Appeals' decision in her Complaint and attaches a copy of the decision to her Memorandum in Response to Meehan's Motion to Dismiss. (Docs. 1 & 19-2.) Accordingly, the Court will take judicial notice of the Arizona Court of Appeals' decision. The Court of Appeals decision will be referred to as "Doc. 19-2, Ct. App.".

[3] In a motion to dismiss, the court may consider documents incorporated by reference in the complaint without converting the motion to dismiss into a motion for summary judgment. *Ritchie*, 342 F.3d at 908. A document is incorporated into a complaint by reference if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. Plaintiff referred to Meehan's letter terminating his representation in her Complaint, and the contents of the letter are integral to her claim. Therefore, the Court finds that the letter has been incorporated by reference in the Complaint.

[4] "DSOF" refers to Defendants' Statement of Facts. (Doc. 23.) "PSOF" refers to Plaintiff's Response to Defendants' Statement of Facts. (Doc. 27.) "PCSOF" refers to Plaintiff's Counter Statement of Facts. (Doc. 27.) Facts taken from the parties' Statement of

Meehan terminated his representation of Plaintiff a short time later by letter dated March 6, 2006. (Doc. 12-4, Exh. I.) In that letter, which was sent via FedEx, Meehan alerted Plaintiff of the notice of claim requirement. The letter reads in relevant part:

> No determination on whether or not you have a valid claim has been made, nor is any opinion or advice offered in that regard.
>
> You need to be aware of the fact that there is a "statute of limitation" which is a type of deadline applicable to your case after which you would be prohibited from pursuing your claim. Further, actions against public entities or public employees requires [sic] that you file a claim within 180 days of the cause of action accrues. THIS MEANS THAT IF YOU WISH TO PRESERVE YOUR RIGHTS UNDER ARIZONA REVISED STATUTES [sic] § 12-821.01(A), YOU MUST FILE A CLAIM NO LATER THAN MARCH 24, 2006. You should, therefore, immediately seek other counsel of your choice or contact Pima County Lawyer Referral Service, 623-4625, for the name of an attorney who would be willing to represent you and pursue your claim.

(*Id.*) (emphasis in original).

After Meehan terminated his representation, Johnson continued his attempts to obtain Polk's medical records from CHS and the University of Arizona. (Complaint ¶¶ 3, 18.) Plaintiff alleges that Johnson obtained Polk's CHS medical records in the spring of 2007[5] and, at the same time, asked the Kinerk Defendants to evaluate and pursue claims for medical negligence against CHS and the State of Arizona. (*Id.* ¶¶ 3, 6, 20; PCSOF ¶ 6.) Johnson provided to the Kinerk Defendants the CHS medical records. (Complaint ¶ 23; Answer ¶ 20.) On or about July 1, 2007, during the Kinerk Defendants' representation of Plaintiff, Johnson filed a claim with the Arizona Medical Board ("the Medical Board"), which alleged that CHS' Dr. Porter had failed to properly care for and treat Polk. (Complaint ¶ 24; DSOF ¶ 12; PSOF ¶ 12.)

---

Facts are not considered by the Court with regard to Meehan's Motion to Dismiss.

[5]Plaintiff is inconsistent in specifying when Johnson succeeded in obtaining the medical records from CHS. In addition to the allegations in the Complaint that the records were obtained in the Spring of 2007, Plaintiff has asserted that the CHS records were finally obtained on February 28, 2007 (Doc. 19, p. 2, l. 13) and in March 2007 (PCSOF ¶ 5).

On September 13, 2007, Dyer, individually and on behalf of the Kinerk firm, wrote a letter to Plaintiff stating that the firm was terminating its representation. Dyer wrote: "I was unable to find what I believe to be adequate documentation to overcome the 180-day claim letter requirement [A.R.S. § 12-821.01(A)]. . . ." (Complaint ¶ 26; Answer ¶ 23.) Neither Meehan nor the Kinerk Defendants filed a statutory notice of claim on behalf of Plaintiff. (PCSOF ¶ 7.)

On February 7, 2008, the Medical Board issued a letter of reprimand to Dr. Porter. (Complaint ¶ 31.) The Medical Board report concluded that Dr. Porter failed to consider and pursue a diagnosis of pulmonary embolus, to perform an adequate examination, and to measure vital signs. (*Id.*)

On May 15, 2008, Plaintiff, represented by John Stompoly, filed a notice of claim pursuant to A.R.S. § 12-821.01(A) against the State of Arizona. (*Id.* ¶ 32.) On August 4, 2008, Plaintiff filed a lawsuit alleging a medical negligence claim in the Superior Court of Pima County. (*Id*.) The court dismissed Plaintiff's case, concluding that the action was barred by the 180-day time limit to file a notice of claim against a public entity. (Complaint ¶ 33.) The Arizona Court of Appeals affirmed, reasoning that Plaintiff's cause of action "accrued as a matter of law no later than the date the Board complaint was filed," or July 1, 2007. (Doc. 19-2, Ct. App. ¶ 11.)

## DISCUSSION

### A. The Kinerk Defendants are not entitled to summary judgment.

A party moving for summary judgment initially must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See id.* at 255. Summary judgment is appropriate if the pleadings and supporting documents

"show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322.

Under Arizona law, a plaintiff who wishes to file a lawsuit against a public entity or public employee must file a notice of claim within 180 days after the cause of action accrues. A.R.S. § 12-821.01(A). Otherwise, the claim is barred. *Id*. A cause of action accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B). Arizona courts construe the term "accrue" in accordance with the common law discovery rule. *See Little v. State of Arizona*, 240 P.3d 861, 864 (Ariz. App. 2010). The common law discovery rule provides that "'a cause of action accrues when a plaintiff discovers or reasonably should have discovered the injury was caused by the defendant's negligent conduct.'" *Id*. (quoting *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 3 P.3d 1007, 1010 (Ariz. App. 1999)). A plaintiff need not be aware of all the facts underlying the cause of action for a claim to begin to accrue. *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998). Rather, "the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Id*. In other words, the plaintiff must be able to identify the "who" and "what" elements in order for a cause of action to accrue. *Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002). Summary judgment is appropriate only if the plaintiff's failure to investigate the "who" and "what" elements is not reasonably justified. *Id*. "When discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury." *Doe*, 955 P.2d at 961.

The Kinerk Defendants claim that Plaintiff's cause of action began to accrue no later than March 6, 2006, when Meehan notified Plaintiff of the notice of claim requirement. Plaintiff asserts that the earliest possible date that her cause of action began to accrue was February 28, 2007, when she obtained medical records from CHS. The Court concludes that the date Plaintiff's cause of action accrued is a disputed question of fact, and therefore summary judgment is unwarranted at this stage of the proceedings. Although Meehan

warned Plaintiff that a notice of claim had to be filed by March 24, 2006, his letter also stated that "[n]o determination on whether or not you have a valid claim has been made, nor is any opinion or advice offered in that regard." Meehan's letter contained no information as to who and what caused Polk's death. At the time Meehan's letter was sent, Plaintiff had not obtained the medical records from CHS. Plaintiff alleges the CHS records ultimately supported her claim against Polk's treating physician. The parties do not specify when the Kinerk Defendants were retained, but generally agree that it was sometime in the Spring of 2007. Thus, when Plaintiff knew or should have known the cause of Polk's death is therefore a disputed question of fact.

**B. Plaintiff fails to state a claim against Defendant Meehan.**

Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is plausible on its face, *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009), or if a plaintiff fails to allege sufficient facts under a cognizable legal theory. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir.1994). All reasonable inferences are to be drawn in favor of that party. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir.1997).

Plaintiff fails to allege sufficient facts to establish that Meehan committed legal malpractice. As in any tort action, a plaintiff in a legal malpractice case must demonstrate four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Phillips v. Clancy*, 733 P.2d 300, 303 (Ariz. App. 1986). In a legal malpractice action, the plaintiff also must prove that but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit. *Id.*; *Molever v. Roush*, 732 P.2d 1105, 1112 (Ariz. App. 1986). "Negligence-based malpractice liability inures only if, in addition to establishing duty and breach of the duty by failing to assert a viable claim, the plaintiff-client demonstrates that the defendant-attorney's omission caused her to sustain *economic* damages." *Cecala v. Newman*, 532 F.Supp.2d 1118, 1170 (D. Ariz. 2007) (emphasis in

original) (citing *Reed v. Mitchell & Timbanard, P.C.*, 903 P.2d 621, 626 (Ariz. App. 1995)). The question of causation is normally for the jury to determine, however, "when the consequences of an attorney's alleged negligence bear upon a legal ruling by the court, the causation question is in all circumstances one of law." *Molever*, 732 P.2d at 1112.

Plaintiff alleges that Meehan's conduct caused Plaintiff to file an untimely medical negligence claim against the State of Arizona. However, Plaintiff's own conduct following Meehan's representation constitutes an intervening cause that breaks any causal link between Meehan's alleged omissions and Plaintiff's injury. A plaintiff proves proximate cause by demonstrating a natural and continuous sequence of events stemming from the defendant's act or omission, unbroken by any efficient intervening cause, that produces an injury, in whole or in part, and without which the injury would not have occurred. *Barrett v. Harris*. 86 P.3d 954, 958 (Ariz. App. 2004) (citations omitted). An intervening cause is an independent cause that occurs between the original act or omission and the final harm and is necessary in bringing about that harm. *Id.* An intervening cause becomes a superseding cause, thereby relieving the defendant of liability for the original negligent conduct, "when [the] intervening force was unforeseeable and may be described, with the benefit of hindsight, as extraordinary." *Id.* (citations omitted).

In her Complaint, Plaintiff admits that although Meehan advised her that she should file her notice of claim by March 24, 2006, Plaintiff nevertheless continued her attempts to obtain medical records and deferred filing a notice of claim. (Complaint, ¶ 3.) When Plaintiff obtained the CHS records in the spring of 2007, she retained new counsel and filed a complaint with the Medical Board, but still elected not to file a notice of claim against the State. (Complaint, ¶ 3.) Thus, Plaintiff repeatedly and independently decided not to file a notice of claim despite Meehan's advice to do so by March 24, 2006.[6] Meehan could not

---

[6] This is not to say that, at the time Plaintiff received Meehan's termination letter, she possessed, as a matter of law, sufficient information to start the clock on her statute of limitations pursuant to A.R.S. § 12-821.01(A). For the reasons stated in section A, a material issue of fact exists as to when Plaintiff should have filed her notice of claim. However, with respect to Meehan's conduct and his ability to reasonably foresee a harm to Plaintiff caused by an untimely notice of claim, the Court concludes that Meehan fulfilled his duties to Plaintiff by advising her

have foreseen that Plaintiff would choose not to follow his advice and instead continue searching for medical records on her own. Plaintiff's conduct was extraordinary considering that Meehan's March 6, 2006 letter advised her that a notice of claim "MUST" be filed by March 24, 2006 in order to preserve Plaintiff's rights under A.R.S. § 12-821.01(A). Given Plaintiff's independent conduct, Meehan's advice that Plaintiff file a notice of claim within earliest possible time period could not have caused the dismissal of her lawsuit for failure to timely file a notice of claim. Accordingly, Plaintiff has failed to state a claim for negligence against Meehan.

**C. Leave to amend**

Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend a complaint should be "freely given when justice so requires." Where a complaint has been dismissed at the pleading stage, dismissal generally should be with leave to amend unless it is clear the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005). Where amendment would be futile, the court may refuse to grant leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Given the admissions in Plaintiff's Complaint that she independently elected not to file a notice of claim following termination of Meehan's representation, the Court concludes that Plaintiff's claim against Meehan cannot be cured by further amendment. Leave to amend would be futile, and thus, Meehan's dismissal from this action is with prejudice.

//

//

//

//

//

//

//

//

---

of the earliest possible date that the statute of limitations could expire.

THEREFORE, IT IS ORDERED THAT:

1. Defendants Kinerk, Schmidt & Sethi, P.L.L.C., James H. Dyer and Ted A. Schmidt's Motion for Summary Judgment (Doc. 22) is DENIED without prejudice.

2. Defendant Meehan's Motion to Dismiss (Doc. 12) is GRANTED.

3. Defendant Michael Meehan is DISMISSED WITH PREJUDICE. The Clerk of the Court shall terminate Defendant Michael Meehan from this case.

Dated this 29th day of March, 2013.

Jennifer G. Zipps
United States District Judge